IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CLIFFORD W. EAGLE,

        Petitioner,

v.

CARRIE BRIDGES, Warden,

        Respondent.

No. 22-CV-118-JFH-KEW

**OPINION AND ORDER**

This action is before the Court on Respondent Warden Carrie Bridges' ("Bridges") motion to dismiss Petitioner Clifford W. Eagle's ("Eagle") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Dkt. No. 6. Eagle is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Haskell County District Court Case No. CF-2012-53 for Second Degree Murder. Eagle raises one ground for habeas corpus relief:

> State lacks jurisdiction to prosecute. Petitioner is Indian; crime occurred in Indian Country.

Dkt. No. 1 at 5.

Bridges has filed a motion to dismiss the petition as time-barred, or in the alternative, for failure to exhaust necessary state remedies. Dkt. No. 6. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*,

640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that on July 31, 2014, Eagle entered a plea of guilty to Murder in the Second Degree. Dkt. No. 7-1. He was sentenced to forty-five (45) years' imprisonment, with credit for time served. *Id.* On August 6, 2014, Eagle filed a pro se letter with the state district court, seeking to withdraw the sentencing part of his plea. Dkt. No. 7-2. The following week, on August 12, 2014, Eagle filed a second pro se letter reaffirming his desire to withdraw his plea based on alleged sentencing errors. Dkt. No. 7-3. These letters were construed as a motion to withdraw plea, and the state district court held a hearing on the requests. Dkt. No. 7-4 at 1. Eagle told the court he did not want to withdraw his guilty plea, but he wanted a modification of his sentence. *Id*. at 1-2.

The district court denied Eagle's requests, and he appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the denial of his motion on July 13, 2015 in Case No. C-2014-778. Dkt. No. 7-4.

On January 28, 2016, Eagle filed an application for post-conviction relief in the state district court, raising two grounds for relief. Dkt. No. 7-5. First, he alleged that he was denied his right to be heard or present" during the hearing on his motion to withdraw guilty plea. *Id*. at 3. Second, he alleged that his trial counsel "abandoned" him during his ten-day time frame for

2

withdrawing his plea. *Id*. at 5. The district court denied the application on February 9, 2016. Dkt. No. 7-6. Eagle appealed the denial to the OCCA, which affirmed the district court's denial of post-conviction relief on May 13, 2016, in Case No. PC-2016-109. Dkt. No. 7-7.

More than a year later, on August 17, 2017, following the Tenth Circuit's decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), Eagle filed a state petition for writ of habeas corpus in the Alfalfa County District Court, alleging the State lacked subject-matter jurisdiction to convict him because he is an Indian, and his crime was committed in Indian Country. Dkt. No. 7-8. On September 28, 2017, the district court dismissed Eagle's petition, finding that Alfalfa County lacked jurisdiction to review his claim that should have been raised through post-conviction in the county where the conviction occurred . Dkt. No. 7-9.

On October 13, 2017, Eagle filed a second application for post-conviction relief in the Haskell County District Court, alleging the State lacked subject-matter jurisdiction to convict him, because he is an Indian and his crime was committed in Indian Country. Dkt. No. 7-10. That application remained pending for more than three (3) years as *Murphy* and *McGirt v. Oklahoma*, __ U.S. __, 140 S. Ct 2452 (2020), were litigated. Dkt. No. 7-11. The district court eventually denied the application on August 13, 2021, finding the OCCA's ruling in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), precluded a retroactive application of *McGirt* to void a final state conviction. Dkt. No. 7-12.

On March 18, 2022, Eagle initiated an appeal of the denial of his application to the OCCA. Dkt. No. 7-13 at 1. On April 1, 2022, the OCCA declined jurisdiction and dismissed the case, finding that Eagle had "failed to timely file the Petition in Error . . . within sixty (60) days from the filing date of the District Court's final order." *Id.* The OCCA advised that "[i]f Petitioner feels

3

he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court" (citing Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). *Id.*

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners to 'exhaus[t] the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn v. Ramirez*, __ U.S. __, 142 S.Ct. 1718, 1724 (2022). This requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion doctrine expresses a policy of federal-state comity. Its purpose is to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (citation omitted).

The "'petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)); *see also Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (same). The Tenth Circuit has explained the exhaustion requirement as follows:

> In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress. The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

Eagle raises only one ground for habeas relief, alleging that the State lacked jurisdiction to prosecute him because he is an Indian, and the crime took place in Indian Country. Dkt. No. 1 at 5. He raised this claim in his second application for post-conviction relief, which the district court denied on August 13, 2021. Dkt. Nos. 7-10, 7-12. While Eagle did attempt to appeal the denial of his application to the OCCA, the appeal never was properly perfected before that court. Indeed, in its order declining jurisdiction, the OCCA stated that Eagle "failed to timely file the Petition in Error with the Clerk of this Court within sixty (60) days from the filing date of the District Court's final order." Dkt. No. 7-13 at 1 (citing Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). Because he failed to timely appeal, the merits of Eagle's appeal were never properly presented before the OCCA, rendering his claim unexhausted in the state courts. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (noting that "[t]he exhaustion requirement is satisfied if the federal issue has been *properly presented* to the highest state court") (emphasis added).

Eagle, however, still possesses an available avenue for raising his claim in state court. As stated in the OCCA's order, "[i]f Petitioner feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court." Dkt. No. 7-13 at 1 (citation omitted). If the district court recommends an appeal out of time, Eagle may file a petition for an appeal out of time with the OCCA. Should the OCCA grant Eagle's appeal, he then may perfect a post-conviction appeal before the OCCA, and properly exhaust his claim in state court. Until Eagle has filed an application for post-conviction relief requesting an appeal out of time, whether it be granted or denied in the state courts, he has failed to fully exhaust every

5

"available state avenue of redress." *Miranda*, 967 F.2d at 398. Therefore, this habeas petition should be dismissed.

Eagle presents no argument in his petition addressing his failure to fully exhaust his state remedies. In his response to Bridges' motion to dismiss, he argues the motion is "entirely unsupported in either fact or law," and he complains the respondent's counsel "is representing, or attempting to represent, someone who is not even a party to these proceedings," the warden at his facility. Dkt. No. 8 at 1. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, however, the proper respondent in a habeas corpus action is the warden of the petitioner's facility. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, counsel's representation of Bridges is proper.

Eagle maintains "this is a case of subject-matter jurisdiction," and "issues of subject-matter jurisdiction are never waived and can therefore be raised on a collateral appeal." Dkt. No. 8 at 2 (quoting *Murphy v. Royal*, 875 F.3d 896, 907 n.5 (10th Cir. 2017) *aff'd sub nom.*, *Sharp v. Murphy*, __ U.S. __ 140 S.Ct. 2412 (2020)). Bridges, however, notes that the exhaustion requirements under 28 U.S.C. § 2254 contain no exception for "jurisdictional" claims. *See, e.g., Pitts v. Crow*, No. CIV-21-194-D, 2021 WL 2715966, at *1 (W.D. Okla. July 1, 2021) (unpublished) ("[T]he Court first rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the exhaustion requirement."); *Draper v. Oklahoma*, No. CIV-19-376-D, 2019 WL 2453671, at *1 (W.D. Okla. June 12, 2019) (unpublished) ("[T]he Court rejects [Petitioner's] position that a § 2254 petition raising a jurisdictional issue is exempt from the exhaustion requirement.").

The Supreme Court's decision in *McGirt* does not alter this analysis. *See Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021) (unpublished) ("Liberally

6

construing his objections, Petitioner contends he did not have to exhaust his state remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt v. Okla.*, 140 S. Ct. 2452 (2020). Petitioner is incorrect and he must exhaust his state court remedies before proceeding in habeas corpus."); *Moncada v. Pettigrew*, No. CIV-20-779-C, 2020 WL 6588728, at *2 (W.D. Okla. Oct. 22, 2020) (unpublished report and recommendation, recommending dismissal where Petitioner's habeas claim relied on *McGirt*, because he did "not provide[] the state courts an opportunity to address his claims"), *adopted by district court*, 2020 WL 6587054 (W.D. Okla. Nov. 10, 2020). Furthermore, the OCCA's well-established rule under *Matloff v. Wallace* that *McGirt* does not apply retroactively on collateral review also does not excuse Eagle from exhaustion. *See Phillips v. Crow*, No. CIV-22-99-R, 2022 WL 851774, n.7 (W.D. Okla. Feb. 18, 2022). Accordingly, Eagle's *McGirt*-based claim raised in his habeas corpus petition is not exempt from the exhaustion requirements in 28 U.S.C. § 2254.

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Eagle has not yet presented his habeas claim to the highest state court, this Court finds his petition must be dismissed for failure to exhaust his state court remedies. *See Dever*, 36 F.3d at 1534.

After careful review, the Court finds Eagle has failed to exhaust his state court remedies, which is a threshold issue in each habeas case. *See Harris*, 15 F.3d at 1554. Therefore, Bridges' motion to dismiss the petition as unexhausted is granted, and the Court declines to address the balance of Bridges' motion concerning the statute of limitations.

The Court further finds Eagle has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

IT IS THEREFORE ORDERED that Respondent Bridges' motion to dismiss for failure to exhaust state court remedies [Dkt. No. 6] is GRANTED, the petition is dismissed without prejudice, and Eagle is denied a certificate of appealability.

Dated this 25th day of May 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE