IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**CLIFFORD W. EAGLE,**

    **Petitioner,**

v.

**CARRIE BRIDGES, Warden**

    **Respondent.**

Case No. 22-CV-118-JFH-DES

## OPINION AND ORDER

Petitioner Clifford W. Eagle initiated this action on April 18, 2022, seeking federal habeas relief under 28 U.S.C. § 2254 from the judgment entered against him in state court. Dkt. Nos. 1, 2. Eagle claimed, as his sole ground for relief, that the state court lacked jurisdiction to prosecute him because he is an Indian and the crime took place in Indian Country. Dkt. No. 1 at 5. On May 25, 2023, the Court dismissed Eagle's petition without prejudice on the basis that Eagle failed to exhaust available state-court remedies. Dkt. No. 10, at 1-8. Eagle did not appeal the Court's determination. Instead, Eagle submitted several post-judgment motions. Dkt. Nos. 15, 17, 19, 20, 21, 22.

Eagle's motions are, at times, unintelligible, and often raise arguments wholly inapplicable to the Court's ruling. *See* Dkt. No. 16 at 3 n.1 (Respondent arguing that Eagle's submission is among the "influx of post-judgment motions in *pro se McGirt*-based habeas proceedings invoking Rule 60(b) that contain largely overlapping arguments and all appear to have been authored by the same ghostwriter," thus explaining "why they often contain arguments that are not relevant to the posture and procedural history of a particular inmate's habeas case"). Other litigants who, like Eagle, are housed at James Crabtree Correctional Center have filed "similar motions in unrelated cases." *Cecil v. Bridges*, No. CIV-22-003-SLP, 2023 WL 8686816, at *1 (W.D. Okla. Sept. 26,

2023); *see, e.g.*, *Hyslop v. Bridges*, No. CIV-21-045-RAW-KEW (E.D. Okla. Mar. 14, 2023, Mar. 25, 2022, & Apr. 28, 2022), Dkt. Nos. 25, 26, 29; *Conway v. Bridges*, CIV-22-004-RAW-DES (E.D. Okla. Aug. 28, 2023, Sept. 11, 2023, & Oct. 12, 2023), Dkt. Nos. 28, 29, 30.  Like these motions, Eagle's submissions "are repetitive, and portions appear to be boilerplate pleadings with no specificity or acknowledgment of the Court's factual or legal findings."  *Hyslop v. Bridges*, No. CIV-21-045-RAW-KEW, 2023 WL 2290248, at *1 (E.D. Okla. Feb. 21, 2023).  Nevertheless, the Court addresses each motion in turn.

I.     **Eagle's August 24, 2023 and September 18, 2023 Motions**

On August 24, 2023, Eagle submitted a motion invoking both 28 U.S.C. § 636(b)(1)(C) and Rule 60(b) of the Federal Rules of Civil Procedure.  Dkt. No. 15 at 1-2, 43-47.  He later resubmitted the filing on September 18, 2023, with additional exhibits.[1]  Dkt. No. 17.  Section 636(b)(1)(C) of title 28 of the United States Code provides parties the opportunity to object to a magistrate judge's proposed findings and recommendations.  No proposed findings or recommendations have been issued by a magistrate judge in this matter, however.  Section 636(b)(1)(C) therefore is inapplicable.

Generally, when reviewing a Rule 60(b) motion in a habeas action, the Court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215.  The motion is "a 'true' 60(b) motion," however, "if it either:  (1) challenges only a procedural ruling of the habeas court which precluded a merits

---

[1] Though Eagle did not seek leave from the Court to amend his motion, the Court has nonetheless considered the latter submission, and attendant exhibits, in its adjudication.

determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16 (citations omitted). Here, however, Eagle's "initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Thus, even if Eagle's motion reasserted his federal basis for relief, it cannot be construed as "a 'second or successive' petition." *Id.* Further, liberally construing Eagle's arguments, the Court determines that Eagle is asserting procedural errors and defects in the integrity of the proceeding, such that Eagle's motion is properly construed as a true Rule 60(b) motion. *See Spitznas*, 464 F.3d, at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion.").

Under Rule 60(b), a court may relieve a party from a final judgment or order under certain limited circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In his motion, Eagle first asserts that the Court erred in its procedural ruling "that an unripe or premature Petition is a second or successive petition." Dkt. No. 15 at 2 (quotation marks, brackets, and emphases omitted). This argument is premised on a mischaracterization of the court's basis for dismissing Eagle's § 2254 petition. The Court dismissed the action for lack of

exhaustion. The Court made no finding as to whether Eagle's petition was second or successive. Dkt. No. 10 at 1-8. Eagle next argues that the Court erred in dismissing the action for failure to exhaust state remedies because the exhaustion requirement does not apply when the underlying state judgment is void for lack of jurisdiction. Dkt. No. 15 at 4, 46. This argument likewise fails, as § 2254's exhaustion requirement contains no exception for jurisdictional claims. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002); *McDaniel v. Nunn*, 601 F. Supp. 3d 1085, 1090 (N.D. Okla. 2022). Finally, Eagle contends that the Court erred in treating his proceeding as a habeas action when he was instead requesting a writ of prohibition "against the state court to stop violating federal law." Dkt. No. 15 at 47-50, 52. Eagle's argument that his initial petition was in fact a request for a writ of prohibition is belied by the record. His petition and supporting brief clearly invoke § 2254, and neither can be construed, even under a liberal construction, as seeking a writ of prohibition. Dkt. Nos. 1, 2; *see Berry v. Whitten,* No. 20-CV-0668-CVE-JFJ, 2021 WL 262560, at *2 (N.D. Okla. Jan. 26, 2021) (construing a pleading styled as a request for a writ of mandamus and a writ of prohibition as a § 2254 habeas petition where "it [was] clear that [petitioner] [was] in state custody, that he [brought] th[e] action to assert a claim that he [was] in state custody in violation of federal law, and that he [sought] the remedy of immediate release").

For these reasons, Eagle has failed to show entitlement to relief from the Court's judgment under Rule 60(b).

## II.     Eagle's October 6, 2023 and December 18, 2023 Motions

On October 6, 2023, and on December 18, 2023, Eagle submitted largely identical motions invoking Rules 59(e) and 60(b)(4) of the Federal Rules of Civil Procedure. Dkt. Nos. 19, 20. A Rule 59(e) motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The judgment in this matter was entered on May 25,

4

2023. Dkt. No. 12. Eagle's Rule 59(e) request therefore is untimely.

As with his previous Rule 60(b) motions, Eagle seeks relief from the judgment in this matter on the basis that exhaustion was not required because his criminal judgment is "void" due to lack of jurisdiction. Dkt. No. 19 at 1; Dkt. No. 20 at 1. As the Court explained in its Order and Opinion dismissing the action, the jurisdictional nature of Eagle's claim does not exempt him from § 2254's exhaustion requirement. Dkt. No. 10 at 6; *see, e.g.*, *Pitts v. Crow*, No. CIV-21-194-D, 2021 WL 2715966, at *1 (W.D. Okla. July 1, 2021) ("[T]he Court . . . rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the exhaustion requirement."); *Draper v. Oklahoma*, No. CIV-19-376-D, 2019 WL 2453671, at *1 (W.D. Okla. June 12, 2019) (same). Eagle's reassertion of this argument fails to demonstrate entitlement to relief under Rule 60(b).

### III.    Eagle's December 18, 2023 Motion

In a second motion filed December 18, 2023, which the Court liberally construes as a true Rule 60(b) motion, Eagle again seeks relief on the theories that the Court should have inferred from his petition that he was seeking a writ of prohibition and that exhaustion was not required due to the state court's lack of jurisdiction. Dkt. No. 21 at 1-3. The Court rejects these arguments for the reasons previously discussed. Eagle's remaining arguments are largely unintelligible and appear irrelevant to the matter of exhaustion. *Id.* at 4-39. Having reviewed the motion, the Court discerns no basis for relief under Rule 60(b).

### IV.    Eagle's February 20, 2024 Motion

Eagle's February 20, 2024, motion invokes 28 U.S.C. § 636(b)(1)(C) and Rule 60(b) of the Federal Rules of Civil Procedure.[2] Dkt. No. 22 at 2. As noted, section 636(b)(1)(C) provides

---

[2] Eagle also styles his motion as a "second request for judge's recusal [and] appointment of

parties the opportunity to object to a magistrate judge's proposed findings and recommendations and is inapplicable where, as here, no such findings or recommendations have been entered. Regarding his Rule 60(b) request, Eagle once again urges that exhaustion was not required due to the jurisdictional defect in his state conviction. The Court rejects this argument for the reasons previously discussed.

IT IS THEREFORE ORDERED that Eagle's Motions dated August 24, 2023 [Dkt. No. 15], September 18, 2023 [Dkt. No. 17], October 6, 2023 [Dkt. No. 19], December 18, 2023 [Dkt. Nos. 20, 21], and February 20, 2024 [Dkt. No. 22] are DENIED.

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, Eagle must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court finds that Eagle has not made the required showing. A certificate of appealability therefore is denied.

Dated this 15th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

specialized counsel." Dkt. No. 22, at 2. Eagle did not previously request appointment of counsel in this action, nor did he previously request the undersigned's recusal. Because judgment has already been entered in this matter, Eagle's request for counsel is moot. Eagle's request for recusal appears to be based on alleged judicial bias. *Id.* at 7. Eagle fails, however, to support his allegations of bias with an affidavit, and speculation of bias does not suffice. *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997); *see* 28 U.S.C. §§ 144, 455.